UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| CENTRIC PIPE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| LE COMMODITIES, LLC, TREK METALS, INC., ENERGY PIPE & EQUIPMENT RENTALS, LLC, and KANA ENERGY SERVICES, INC., | ) ) ) ) |
| | ) |
| Consolidated Plaintiffs, | ) |
| | ) |
| v. | ) Consol. Ct. No. 25-00182 |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| U.S. OCTG MANUFACTURERS ASSOCIATION, | ) ) |
| | ) |
| Defendant-Intervenor. | ) |
| | ) |

## REPLY TO RESPONSES BY DEFENDANT AND DEFENDANT-INTERVENOR ON THE MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

Plaintiff Centric Pipe LLC and Consolidated Plaintiffs LE Commodities, LLC, Trek Metals, Inc., Energy Pipe & Equipment Rentals, LLC, and Kana Energy Services, Inc. respectfully submit this reply to the responses by Defendant United States and Defendant-Intervenor U.S. OCTG Manufacturers Association in opposition to Plaintiff and Consolidated Plaintiffs' Motion for Leave to File Amended Complaints as ordered by this Court. See Reply in Opp'n to Mot. for Leave to File Am. Compls. (Jan. 12, 2026), ECF No. 38 ("Def.-Intervenor Resp."); Resp. in Opp'n to Mot. for Leave to File Am. Compls. (Jan. 12, 2026), ECF No. 39 ("Def. Resp.").[1]

---

[1] Defendant adopts the reasons and arguments set forth by Defendant-Intervenor in its response,

Defendant-Intervenor argues that the Court should deny Plaintiff and Consolidated-Plaintiffs' Motion for Leave to File Amended Complaints as futile because the proposed new counts would not survive a motion to dismiss and because Plaintiff and Consolidated-Plaintiffs failed to exhaust administrative remedies relating to both claims. See Def.-Intervenor Resp. at 4-5.[2] For the reasons discussed below, this Court should disregard the arguments raised by Defendant and Defendant-Intervenor and should grant Plaintiff and Consolidated Plaintiffs' Motion for Leave to File Amended Complaints. Contrary to its assertions, Defendant-Intervenor's arguments actually demonstrate that litigation should proceed on these issues. Indeed, as detailed below, Plaintiff and Consolidated Plaintiffs have sufficiently set forth claims on which relief can be granted. Further, Plaintiff's and Consolidated Plaintiffs' claims fall squarely within the "pure question of law" and "futility" exceptions to the exhaustion doctrine.

---

and we therefore respond to Defendant-Intervenor's specific arguments. See Def. Resp. at 1.

[2] Plaintiff and Consolidated Plaintiffs have moved to add the following two counts to their initial complaints:

> (1) U.S. Customs and Border Protection ("CBP"), Office of Trade ("OT"), Trade Remedy & Law Enforcement Directorate ("TRLED")'s regulation, 19 C.F.R. § 165.12, and affirmative determination pursuant to this regulation, as affirmed by the CBP, OT Office of Regulations and Rulings ("ORR")'s de novo administrative review is arbitrary, capricious, an abuse of discretion and was otherwise not in accordance with law as TRLED initiated its investigation later than 15 business days after receiving allegations as mandated by 19 U.S.C. § 1517(b)(1); and (2) TRLED's regulation 19 C.F.R. § 165.15(d)(1), and affirmative determination pursuant to this regulation, as affirmed by ORR's de novo administrative review is arbitrary, capricious, an abuse of discretion and was otherwise not in accordance with law as TRLED violated Plaintiff's and Consolidated Plaintiffs' due process rights protected under the Fifth Amendment by imposing interim measures without providing Plaintiff and Consolidated Plaintiffs with an opportunity to submit factual information or written arguments.

Mot. for Leave to File Am. Compls. at 2 (Dec. 15, 2025), ECF No. 33.

I.    **PLAINTIFF AND CONSOLIDATED PLAINTIFFS HAVE STANDING TO BRING THEIR NEW CLAIMS**

This Court should reject Defendant-Intervenor's argument that Plaintiff's and Consolidated Plaintiffs' complaints lack standing to bring the new claims because they did not claim any recognizable injury.  See id.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation and citation omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").  For the reasons articulated below, Plaintiff and Consolidated Plaintiffs have standing to bring both new claims.  Specifically, the amended complaints contain sufficient factual matter to state claims for relief – namely, Plaintiff and Consolidated Plaintiffs have a protected interest and legally recognizable injury in both of their new claims.

A.    **Plaintiff and Consolidated Plaintiffs Have a Protected Interest in the Initiation of an EAPA Investigation**

Defendant-Intervenor grossly understates Plaintiff's and Consolidated Plaintiffs' protected interest in the timely initiation of the underlying Enforce and Protect Act ("EAPA") investigations, i.e., the statutorily required 15-business-day deadline for CBP to initiate after receiving the allegations.  See Def.-Intervenor Resp. at 9.  In their complaints, Plaintiff and Consolidated Plaintiffs detailed that they are the U.S. importers of record subject to the affirmative evasion findings challenged in this appeal.  See, e.g., First Am. Compl. at 2-3 (Dec. 15, 2025), ECF No. 33-2.[3]  As a result of its affirmative evasion findings, CBP assessed substantial antidumping ("AD") and countervailing duties ("CVD") against Plaintiff and Consolidated Plaintiffs.  See

_____

[3] "Plaintiff and Consolidated Plaintiffs . . . made substantially identical amendments to their respective complaints."  Mot. for Leave to File Am. Compls. at 6, n.2.

Letter from Victoria Cho re: Notice of Determination as to Evasion (February 24, 2025) (Public Version) ("Final Determination"); Letter from Alice Kippel re: Enforce and Protect Act ("EAPA") Consol. Case Number 7890 (July 2, 2025) (Public Version) ("Administrative Review Determination"); Certain Oil Country Tubular Goods From the People's Republic of China: Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order, 75 Fed. Reg. 3,203 (Dep't of Commerce Jan. 20, 2010); Certain Oil Country Tubular Goods From the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order, 75 Fed. Reg. 28,551 (Dep't of Commerce May 21, 2010); 19 U.S.C. § 1517.

        Defendant-Intervenor wrongly alleges that "{a}ny injury from any delay in initiation was suffered only by the Defendant-Intervenor, the only party who sought initiation and who had an interest in quick action on the allegations." Def.-Intervenor Resp. at 11. CBP's delayed initiation effectively delayed the notice of the investigations to all importers. CBP's regulations state that CBP will "issue a notice of its decision to initiate an investigation to all parties to the investigation no later than five business days after day 90 of the investigation." 19 C.F.R. § 165.15(d)(1) (2025) (emphasis added). Thus, by delaying the initiation by 15 days, CBP delayed the notice of the investigations to importers by almost 15 days (on top of the 90-day-plus-5-business-day notice requirement that already violates importers' right to notice and comment, which will be discussed in the section below). See Mem. from Kristina Horgan to Victoria Cho re: Initiation of Investigation for EAPA 7890-7898 and 7954 (Consolidated Case 7890) at 2 (Feb. 23, 2024) (Public Version). This delay deprived importers of their protected interest to be promptly informed of ongoing government investigations that could result in substantial legal and economic obligations, and to take actions to mitigate the potential risks from such investigations. The Court

recognized the inherent injury caused by the delay in initiation in <u>Superior Commercial Solutions,</u>

<u>LLC v. United States</u>, No. 24-00052, 2025 Ct. Intl. Trade LEXIS 153 (Nov. 26, 2025), explaining

as follows:

> As soon as {Superior} was notified of the EAPA investigation on January 26, 2023, it immediately ceased making entries of alleged covered merchandise and turned away any such shipments that were on water. Therefore, the consequence caused solely by Customs' failure to initiate an investigation within fifteen business days from receiving the allegation is {Superior} continued to make imports of alleged covered merchandise after December 12, 2022 and to accrue AD/CVD duties at the combined rate of 371.47% on those entries even after Customs had launched an investigation.

<u>Id.</u> at *23-24.[4]  Here too, Plaintiff and Consolidated Plaintiffs, like all importers, require the timely

initiation of an investigation to dictate their shipments of covered merchandise.  Contrary to

Defendant-Intervenor's claims, therefore, Plaintiff's and Consolidated Plaintiffs' amended

complaints would survive a motion to dismiss because they have a legally protectable interest in a

timely and prompt initiation of EAPA investigations.

### B.    Plaintiff And Consolidated Plaintiffs Have a Protected Interest and Recognizable Injury in Their Due Process Claim

This Court should also reject Defendant-Intervenor's assertion that Plaintiff and

Consolidated Plaintiffs do not have a recognizable injury in their claims that CBP violated

Plaintiff's and Consolidated Plaintiffs' due process rights by not providing them with an

opportunity to submit factual information or written arguments prior to CBP imposing interim

---

[4] Defendant-Intervenor argues that <u>Superior Commercial</u> does not represent a change in the law as it is not controlling on the Court's decision in this case.  <u>See</u> Def.-Intervenor Resp. at 28-30.  While <u>Superior Commercial</u> may not be binding precedent, it is nonetheless directly relevant to the issues being raised in this case, and the Court may look to it as informative and persuasive authority.  <u>See</u> e.g., <u>Dong-A Steel Co. v. United States</u>, __ CIT __, 475 F. Supp. 3d 1317, 1334 (2020) ("While it is true that those decisions are non-binding, the court has determined that those earlier decisions are informative and persuasive here. Moreover, the court notes that neither the Government nor Nucor offers more persuasive or binding case law as an alternative.").

measures.

First, Plaintiff and Consolidated Plaintiffs clearly have a protected interest in being able to submit timely factual information and written arguments prior to CBP imposing interim measures. Defendant-Intervenor's assertion that "engaging in foreign commerce is not a fundamental right protected by notions of substantive due process" misses the point and fails to acknowledge binding precedent from the U.S. Court of Appeals for the Federal Circuit. Def.-Intervenor Resp. at 15 (quoting NEC Corp. v. United States, 151 F.3d 1361, 1369 (Fed. Cir. 1998). As the Court explained in Superior Commercial, "the {Federal Circuit} has recognized in the EAPA context that an importer participating in an administrative proceeding has a procedural due process right to notice and a meaningful opportunity to be heard." Superior Commercial, 2025 Ct. Intl. Trade LEXIS 153, at *27 (citing Royal Brush Mfg. v. United States, 75 F.4th 1250 (Fed. Cir. 2023)).[5] It is unsurprising that Defendant-Intervenor's response contains no discussion of Royal Brush given that the Federal Circuit expressly stated it had "previously held that importers in antidumping proceedings are entitled to procedural due process" and that "{t}he government agrees that importers in evasion proceedings enjoy rights to procedural due process." Royal Brush, 75 F.4th at 1257. It is clear, therefore, that Plaintiff and Consolidated Plaintiffs had a protected property interest in their imports, thereby triggering their due process rights during EAPA proceedings.

---

[5] Instead of confronting the Federal Circuit's holding in Royal Brush, Defendant-Intervenor relies on three cases from the court that were all decided prior to Federal Circuit's holding Royal Brush. See Def. Intervenor Resp. at 14-15 (citing Diamond Tools Tech. v. United States, __ CIT __, __, 545 F. Supp. 3d 1324, 1341 (2021); Am. Pac. Plywood, Inc. v. United States, No. 20-03914, 2023 Ct. Intl. Trade LEXIS 98, at *19 (June 22, 2023); Aspects Furniture Int'l, Inc. v. United States, __ CIT __, __, 607 F. Supp. 3d 1246, 1273 (2022). Indeed, in both Diamond Tools and American Pacific Plywood, the Court acknowledged its holding in Royal Brush as persuasive precedent prior to the Federal Circuit firmly establishing that U.S. importers have due process rights in EAPA proceedings. See Diamond Tools, 545 F. Supp. 3d at 1342; Am. Pac. Plywood, 2023 Ct. Intl. Trade LEXIS 98, at *28-29.

Second, Plaintiff and Consolidated Plaintiffs have demonstrated that they had a legally recognizable injury due to CBP's violation of their protected due process rights. In their amended complaints, Plaintiff and Consolidated Plaintiffs clearly explained their legal challenge that CBP's regulation, 19 C.F.R. § 165.15(d)(1), violated their due process rights by imposing interim measures without providing them with an opportunity to submit factual information or written arguments. See, e.g., First Am. Compl. at 17-18. In particular, Plaintiff then pled that CBP's finding that substantial evidence supported its affirmative evasion findings "was arbitrary, capricious, an abuse of discretion and was otherwise not in accordance with law" by violating Centric Pipe's due process rights. Id. at 18. Earlier in its complaint, Plaintiff challenged CBP's very initiation of these investigations because the allegation consisted of false or otherwise unsubstantiated statements. See id. at 8, 12-13. Accepting Plaintiff's and Consolidated Plaintiffs' factual allegations as true, Plaintiff and Consolidated Plaintiffs clearly suffered a legally recognizable injury as CBP may never have initiated these investigations had Plaintiff and Consolidated Plaintiffs received their due process rights to comment on the initiation of the investigation prior to CBP imposing interim measures.

In support of its argument that Plaintiff and Consolidated Plaintiffs amended complaints would not survive a motion to dismiss, Defendant-Intervenor relies on Phoenix Metal Co., Ltd. v. United States, No. 23-00048, 2024 Ct. Intl. Trade LEXIS 69, at *26 (June 10, 2024), where the Court found that Plaintiff's due process claim in that case was "likely insufficiently plead" due to its failure to connect CBP's interim measures to the alleged harm. See Def.-Intervenor Resp. at 18 (quoting Phx. Metal, 2024 Ct. Intl. Trade LEXIS 69, at *26 n.47 (emphasis added)). Importantly, the court in Phoenix Metal ultimately never determined whether the complaint was sufficiently pled and found that an amended complaint would be futile because Plaintiff failed to establish a

property interest at the interim measures stage that would be significant enough to trigger due process rights. <u>Phx. Metal</u>, 2024 Ct. Intl. Trade LEXIS 69, at *26 n.47, *27. In the instant case, Plaintiff's and Consolidated Plaintiffs' amended complaints meet the standard articulated in <u>Iqbal-Twombly</u> to survive a motion to dismiss and have sufficiently pled CBP's violation to their due process rights.

In sum, Plaintiff's and Consolidated Plaintiffs' amended complaints firmly establish a property interest triggering their due process rights, as well as a legally recognizable injury resulting from CBP's violation of these rights, such that Plaintiff's and Consolidated Plaintiffs' amended complaints would survive a motion to dismiss.

## II. THE EXHAUSTION DOCTRINE DOES NOT BAR THE ADDITIONAL CLAIMS ASSERTED BY PLAINTIFF AND CONSOLIDATED PLAINTIFFS

The two counts that Plaintiff and Consolidated Plaintiffs seek to add to their initial complaints involve only the interpretation of statutory language and do not require further agency involvement or the development of additional factual record, and thus the "pure question of law" exception to exhaustion applies. This Court should disregard Defendant-Intervenor's arguments to the contrary as they lack merit and mischaracterize the nature of the claims. In addition, raising these issues at the administrative level would have been a useless exercise, and therefore the futility exception to the exhaustion doctrine also applies.

### A. The "Pure Question of Law" Exception Applies to the Proposed New Counts

The Federal Circuit has explained that while "{r}equiring exhaustion can protect administrative agency authority and promote judicial efficiency," <u>Itochu Bldg. Prods. v. United States</u>, 733 F.3d 1140, 1145 (Fed. Cir. 2013) (citation omitted), there are "several recurring circumstances in which institutional interests are not sufficiently weighty or

application of the doctrine would otherwise be unjust." Id. at 1146.  Specifically, the application

of the exhaustion doctrine is inappropriate when the issue for the court is a "pure question of law"

or when requiring exhaustion would have been futile:

> For example, a party often is permitted to bypass an available avenue of
> administrative challenge if pursuing that route would clearly be futile, i.e., where it
> is clear that additional filings with the agency would be ineffectual.  See Corus
> Staal, 502 F.3d at 1378-79 (futility applies in situations where plaintiffs "would be
> 'required to go through obviously useless motions in order to preserve their
> rights'") (quoting Bendure v. United States, 554 F.2d 427, 431, 213 Ct. Cl. 633 (Ct.
> Cl. 1977).  Requiring exhaustion may also be inappropriate where the issue for the
> court is a "pure question of law" that can be addressed without further factual
> development or further agency exercise of discretion.  See Agro Dutch, 508 F.3d at
> 1029. In such circumstances, among others, requiring exhaustion may serve no
> agency or judicial interest, may cause harm from delay, and may therefore be
> inappropriate.

Id. at 1146 (emphases added).  The "pure question of law" exception applies when "'{s}tatutory

construction alone' is sufficient to resolve the merits of the argument."  See Agro Dutch Indus.,

Ltd. v. United States, 508 F.3d 1024, 1029 (Fed. Cir. 2007) (holding that the pure question of law

exception applied to the exhaustion doctrine when considering the definition of "affiliated" in the

statute).

> To establish the pure question of law exception the following requirements must be met:
>
> (a) . . . plaintiff shall raise a new argument; (b) this argument shall be of purely
> legal nature; (c) the inquiry shall require neither further agency involvement nor
> additional fact finding or opening up the record; and (d) the inquiry shall neither
> create undue delay nor cause expenditure of scarce party time and resources.

Consol. Bearings Co. v. United States, 25 CIT 546, 553-54, 166 F. Supp. 2d 580, 587 (2001)

(collecting cases), rev'd and remanded on other grounds, 348 F.3d 997 (Fed. Cir. 2003); see also

Mitsubishi Polyester Film, Inc. v. United States, __ CIT __, 228 F. Supp. 3d 1359, 1373 n.17

(2017) (holding that the pure question of law exception applies when there is "no further agency

involvement, additional fact finding, or opening up the record are necessary; and the inquiry will

not create undue delay nor cause expenditure of scarce party time and resources.").

      Both of the additional claims raised by Plaintiff and Consolidated Plaintiffs meet the criteria for a pure question of law exception to the exhaustion doctrine.  First, with regard to Plaintiff and Consolidated Plaintiffs' claim regarding the timing of CBP's initiation more than 15 business days after receiving the allegations, the Court held in <u>Superior Commercial</u> that "the issue of the 15-day requirement" in the EAPA statute "is a pure legal issue of statutory interpretation." <u>Superior Commercial</u>, 2025 Ct. Intl. Trade LEXIS 153, at *13.  The Court agreed with Superior Commercial that its "'challenge concerns only the interpretation of the statutory language and does not require the application of any special expertise by {CBP} or the development of additional factual record.'" <u>Id.</u> (citation omitted).  Defendant-Intervenor has not pointed to any facts or circumstances that would distinguish Superior Commercial's claims in that case from the claims raised here, because no such circumstances exist.  All of the information required to evaluate Plaintiff and Consolidated Plaintiffs' additional count regarding the 15-day requirement is already on the record, and the only question is one of pure statutory interpretation.

      Similarly, Plaintiff and Consolidated Plaintiffs' second additional count regarding CBP's violation of their due process rights for imposing interim measures without providing an opportunity to submit factual information or written information meets the criteria for a "pure question of law" exception to the exhaustion doctrine.  There is no question regarding the facts – pursuant to CBP's regulations, Plaintiff and Consolidated Plaintiffs did not have an opportunity to submit factual information or written arguments prior to the imposition of interim measures.  The only question is a legal one – that is, whether those actions violated Plaintiff's and Consolidated Plaintiffs' constitutional rights under the Fifth Amendment.

     **B.**     **Defendant-Intervenor's Arguments That the Counts Involve Mixed Questions of Law and Fact Are Without Merit**

Defendant-Intervenor mischaracterizes the issues that Plaintiff and Consolidated Plaintiffs have raised in their proposed new counts as mixed questions of "law and fact" and fails to identify any actual questions of fact that would preclude the application of the "pure question of law" exception to the exhaustion doctrine.

To support its arguments, Defendant-Intervenor relies on the Court's holding in Garg Tube Exp. LLP v. United States, 48 CIT __, 698 F. Supp. 3d 1230 (2024), in which the Court held that the pure question of law exception is inapplicable when "the question posed . . . involves whether Commerce's methodology under the statute is reasonable, which necessarily involves a mix question of law and fact requiring further involvement by the agency." Id. at 1242. Plaintiff and Consolidated Plaintiffs note, however, that the issue under consideration in Garg required agency deference and was decided under the second step of Chevron. See id. ("Garg's characterization of the issue as purely one of law is incorrect. The exception applies where there is a 'clear statutory mandate that does not implicate Commerce's interpretation of the statute under the second step of Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-45 (1984), 104 S. Ct. 2778, 81 L. Ed. 2d 694.'"). In Garg, the Court found that Garg failed to exhaust its administrative remedies in challenging the differential price methodology used by Commerce, the resolution of which would have required "further involvement by the agency." Id.[6] In contrast, the new claims

---

[6] The Supreme Court's decision in Loper Bright Enters. v. Raimondo, 603 U.S. 369 (2024) was issued after the Court issued its decision in Garg. Following remand, Plaintiff in that case argued that Loper Bright overruled Chevron and therefore rendered the exhaustion requirement inapplicable. See Garg Tube Exp. LLP v. United States, __ CIT __, 740 F. Supp. 3d 1355, 1364 (2024). The Court held that Loper Bright did not materially alter the result in that case because Congress afforded flexibility to Commerce under the statutory provisions at issue in that case. Id. at 1366. Congress did not afford that flexibility to CBP for the issues raised in the instant proceeding. See Superior Commercial, 2025 Ct. Intl. Trade LEXIS 153, at *16 ("The Court holds

raised by Plaintiff and Consolidated Plaintiffs do not require agency deference or further fact-finding involvement by the agency. Indeed, in <u>Superior Commercial</u>, the Court agreed with Superior Commercial that post-<u>Loper Bright</u>, the Court "owes no deference to {CBP}" in deciding how to implement the 15-day requirement in 19 U.S.C. § 1517(b)(1). The Court held that 19 C.F.R. § 165.12 gives CBP "unchecked time" to "circumvent its statutory responsibility." <u>Superior Commercial</u>, 2025 Ct. Intl. Trade LEXIS 153, at *14 (internal quotations omitted) (citing <u>Loper Bright Enters. v. Raimondo</u>, 603 U.S. 369, 371-374 (2024)). Similarly, Plaintiff and Consolidated Plaintiffs' due process claim regarding the imposition of interim measures without providing an opportunity to submit factual information or written arguments involve a pure legal question to which the Court owes no agency deference and relates to the legality of CBP's regulations in 19 C.F.R. § 165.15(d)(1). The Court does not owe CBP deference on purely legal matters.

Defendant-Intervenor's arguments that the additional claims involve factual and other issues that have not been resolved are entirely unpersuasive. With regard to the timing of initiation, Defendant-Intervenor argues that "what occurred on January 18th is not a settled question on the facts" and that "the question of whether January 18th or February 1st was the triggering date . . . would require additional factual development and should be given to the agency to be the initial decisionmaker on the question." Def.-Intervenor Resp. at 25. Defendant-Intervenor does not identify, however, what "facts" are unsettled and its arguments focus instead on the legal question of what the regulations require and whether the regulations are in accordance with the statutory mandate of 19 U.S.C. § 1517(b). The record already contains all the information necessary for Plaintiff and Consolidated Plaintiffs to develop their legal arguments about this claim. Defendant-

that the 15-day deadline set forth in 19 U.S.C. § 1517(b) is mandatory, not optional.").

Intervenor argues that the Court requires the agency's views on the "statutory definitions of 'receipt' and 'submission,'" but these are pure legal determinations that the Court can make, as it did in <u>Superior Commercial</u>.  This Court does not owe deference to the agency in deciding how to implement the statute.

Defendant-Intervenor likewise raises no factual issues that need to be resolved relating to Plaintiff and Consolidated Plaintiffs' due process claim.  Defendant-Intervenor argues that what constitutes "notice" in an EAPA investigation is not settled, <u>see</u> Def.-Intervenor Resp. at 26-27 (<u>citing</u> <u>Phx. Metal</u>, 2024 Ct. Intl. Trade LEXIS 69, at *8), but what constitutes "notice" is a legal issue and not a factual one that this Court may resolve without additional agency fact finding. Defendant-Intervenor does not identify any factual information that is missing from the record that would prevent a court from issuing a decision on this issue.  Defendant-Intervenor argues, for example, that the issuance of a CF-28, prior to the imposition of interim measures, could provide the party being investigated notice of an ongoing EAPA investigation, <u>see</u> Defendant-Intervenor Resp.  at 27, but the record already contains information about any such CF-28s.  The legal effect of such documents is for this Court to decide, and no additional record evidence is required to develop any arguments about what may or may not have constituted notice to Plaintiff and Consolidated Plaintiffs.

### C.    The Futility Exception Also Applies to the Proposed New Counts

In addition to the "pure question of law" exception, the futility exception to the exhaustion doctrine also applies under these circumstances because even if Plaintiff and Consolidated Plaintiffs had raised these issues at the administrative level, doing so would have been an entirely meaningless exercise that would have had no impact on the agency decision.

In <u>Itochu</u>, the Federal Circuit explained that "a party often is permitted to bypass an

available avenue of administrative challenge if pursuing that route would clearly be futile, i.e., where it is clear that additional filings with the agency would be ineffectual." Itochu, 733 F.3d at 1146 (citing Corus Staal BV v. United States, 502 F.3d 1370, 1378-79 (Fed. Cir. 2007)).  The Federal Circuit found in Itochu that "no purpose was served" by requiring Itochu to refile comments after Commerce's preliminary determination in that proceeding and that doing so had "no reasonable prospect that Commerce would have changed its position." Id. at 1147.  The same reasoning applies here.  By the time parties had notice of the investigations, CBP had already initiated the case and imposed interim measures.  Thus, even if Plaintiff and Consolidated Plaintiffs had raised claims related to the timing of initiation and due process concerns, raising such claims would have had no effect on CBP or the position it had already taken.

***

For the foregoing reasons, Plaintiff and Consolidated Plaintiffs respectfully request that their motion be granted and the Court accept the amended complaints that were provided with their motion.

                                        Respectfully submitted,

Dated:  January 21, 2026                /s/ Bryan P. Cenko
                                        Bryan P. Cenko
                                        Kristin H. Mowry
                                        Jeffrey S. Grimson
                                        Kavita Mohan
                                        Yixin (Cleo) Li
                                        Evan P. Drake
                                        **Mowry & Grimson, PLLC**
                                        5335 Wisconsin Avenue, NW, Suite 810
                                        Washington, DC 20015
                                        202-688-3610 (ph)
                                        202-595-8968 (fax)
                                        trade@mowrygrimson.com
                                        *Counsel to Centric Pipe LLC*

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP
/s/ Erik D. Smithweiss
Erik D. Smithweiss
Jordan C. Kahn*

707 Wilshire Blvd, Suite 4150
Los Angeles, CA 90017
(213) 452-0863
-and-
*1201 New York Avenue, N.W., Suite 650
Washington, D.C. 20005
(202) 661-7784
*Counsel for Consolidated Plaintiff*
*LE Commodities, LLC.*


/s/ Frederick P. Waite
Frederick P. Waite
Kimberly R. Young
**VORYS SATER SEYMOUR AND PEASE LLP**
1909 K Street, NW
Suite 900
Washington, DC  20006
(202) 467-8852
*Counsel for Trek Metals, Inc.*


/s/ Lydia C. Pardini
Lydia C. Pardini
Deanna Tanner Okun
Dominic Bianchi
Jane C. Dempsey
Alissa M. Chase
Joonho Hwang
**Polsinelli PC**
1401 I ("Eye") Street, NW
Suite 800
Washington, DC 20005
*Counsel to Energy Pipe & Equipment*
*Rentals, LLC*

/s/ John M. Gurley
John M. Gurley
Katherine R. Afzal
**ArentFox Schiff LLP**
1717 K Street NW
Washington, D.C. 20006-5344
Telephone: (202) 857-6479
*Counsel to KANA Energy Services, Inc.*